| 1 | **WO** | KM |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Brian Allen Wilkins,  )  No. CV 10-443-PHX-MHM (MEA)
   )
    Petitioner,  )  **ORDER**
   )
vs.  )
   )
Suzanne Shirleson, et al.,  )
   )
    Respondents.  )
   )

Petitioner Brian Allen Wilkins has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 2008-145947-001SE, of disorderly conduct and possession of drug paraphernalia. Petitioner was sentenced to one year of supervised probation for each count, to run concurrently, 224 hours of community service, and anger management and alcohol treatment, and was assessed fines. Petitioner names probation officers Suzanne Shirleson and Erica Freeman as Respondents to the Petition and the Arizona Attorney General as an Additional Respondent.

Petitioner raises ten grounds for relief:

(1) "Sixth Amendment and Constitution of Arizona, Art. 2 §§ 23 & 24 Right to Trial by Jury and Right to Speedy Trial";

(2) "Sixth Amendment Ineffective Assistance of Counsel";

(3) "Sixth Amendment 'Faretta' rights violation";

(4) "Sixth and Fourteenth Amendment Fundamental Due Process Violations by the State not Providing Counsel at Arraignment or Standby Counsel During PCR Proceedings";

(5) "Fourteenth Amendment Due Process violations by the State fabricating and using false evidence against Petitioner";

(6) "Eighth and Fourteenth Amendment and Constitution of Arizona Art. 2 § 15 violations, holding the Petitioner in jail on an unconstitutionally excessive bond";

(7) "Fourteenth Amendment due process violations (Abuse of Discretion) by Superior Court [J]udges Emmet Ronan, Teresa Sanders, David K. Udall, and Gary Donahoe";

(8) "The State's Obstruction of Petitioner's Right to Appeal";

(9) "Fourteenth Amendment due process violation by sentencing Petitioner pursuant to an expired plea agreement"; and

(10) "Fourteenth Amendment Due Process Violation by State Suppressing Evidence."

It is unclear whether Petitioner has properly exhausted each of his claims, however Petitioner alleges that he has presented his claims to the Arizona Supreme Court. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**II.  Warnings**

**A.  Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . .

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

1  (4) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules
2  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
3  recommendation.
4  DATED this 5th day of April, 2010.

Mary H. Murguia
United States District Judge