**WO**                                                           **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian A. Wilkins, | No. CV 10-0443-PHX-MHM (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| Suzanne Shirleson, et al., | |
| Respondents. | |

In March 2010, Petitioner filed a 28 U.S.C. § 2254 petition challenging his conviction and sentence (Doc. 1). Respondent State of Arizona filed a motion to dismiss the petition for failure to exhaust required administrative remedies (Doc. 14). Magistrate Judge Aspey filed a Report and Recommendation recommending that the motion be denied and the habeas corpus petition be stayed pending resolution of Petitioner's post-conviction relief proceedings in state court (Doc. 16).[1] Petitioner now moves for declaratory and injunctive relief (Doc. 20). The Court will deny Petitioner's motion.

**I.  Background and Motion**

In 2008, Petitioner was charged with one count each of unlawful discharge of a firearm, disorderly conduct, possession of marijuana, and possession of drug paraphernalia (Doc. 14, Ex. A). After pleading guilty, Petitioner began the post-conviction relief process in Maricopa County Superior Court (id., Ex. D). The trial court denied his petition in September 2009 and Plaintiff sought review of that decision in the Arizona Court of Appeals

---

[1] The Report and Recommendation will be addressed by separate order.

in October 2009 (Doc. 3, Exs. B, E). Plaintiff's appeal became ripe for review in November 2009 and remains pending in state court (Doc. 21, Ex. A).[2] Petitioner brought the instant habeas corpus petition in March 2010 presenting ten claims for relief (Doc. 1).

In his instant motion, Petitioner asserts that his appeal of the denial of post-conviction relief has been pending in the Arizona Court of Appeals for approximately one year and, as a result, his due process rights have been violated (Doc. 20 at 2-3). In support, Petitioner cites Rheuark v. Shaw, 628 F.2d 297 (5th Cir. 1980), which established a four-factor test to evaluate whether an extreme delay in processing an appeal may constitute a violation of an individual's due process rights. Petitioner maintains that all four factors weigh in his favor and he is suffering prejudice from the court's failure to address his claims on the merits (id. at 5-6).

Respondent urges the Court to deny the motion and grant the pending motion to dismiss because Plaintiff has not yet fully exhausted his state court remedies and, therefore, his habeas corpus petition is premature (Doc. 21). In his reply, Petitioner asserts that Arizona's appellate system is completely ineffective and unable to protect his constitutional rights. He reiterates his request for a finding that the excessive delay in processing his appeal constitutes a due process violation (Doc. 22). He also specifically moves for his underlying state-court conviction to be vacated and an order directing the Arizona Court of Appeals to address his pending appeal within 15 days (id. at 8).

## II.   Analysis

Petitioner's motion must be denied for two reasons. First, to the extent that Plaintiff is attempting to justify his failure to fully exhaust before bringing his habeas corpus petition, his motion is better construed as a supplement to his Objections to the Report and Recommendation and will be considered in due course.

Alternatively, it appears that Petitioner is attempting to amend his habeas corpus petition to bring an additional and independent claim for relief for violation of his due process rights stemming from the delay in hearing his appeal. The Court will not permit an

---

[2] Petitioner filed a corrected brief in January 2010 (Doc. 21, Ex. A).

1 amendment at this juncture because of the pendency of the Report and Recommendation.
2 Moreover, amendment would be futile because Petitioner's claim is without merit.

3       In Coe v. Thurman, 922 F.2d 528 (9th Cir. 1990), the Ninth Circuit held that because
4 "excessive delay in obtaining an appeal may constitute a due process violation, a prisoner
5 need not fully exhaust his state remedies if the root of his complaint is the inability to do so."
6 Id. at 530-31.  In so holding, the Ninth Circuit adopted the four-factor test articulated in
7 Barker v. Wingo, 407 U.S. 514 (1972), for evaluating whether a delay in processing an
8 appeal may constitute a due process violation: (1) length of delay; (2) reason for delay; (3)
9 defendant's assertion of his right; and (4) prejudice to the defendant.  Id. at 531.  Applying
10 this test to Coe's circumstances, the Ninth Circuit determined that the four-year delay in
11 resolving Coe's appeal constituted a violation of his due process rights.

12       In stark contrast, the delay here has barely reached one year.  Consequently, it falls
13 far short of the extraordinary delay that rises to the level of a due process violation.  This
14 delay does not establish that Arizona's appellate system is unavailable or unable to protect
15 Petitioner's rights.  See, e.g., Simmons v. Reynolds, 898 F.2d 865 (2d Cir. 1990) (five-year
16 delay constituted due process violation); Elcock v. Henderson, 902 F.2d 219 (2nd Cir. 1990)
17 (eight-and-one-half year delay); Mathis v. Hood, 851 F.2d 612, 614 (2d Cir. 1988) (six-year
18 delay); Wheeler v. Kelly, 639 F.Supp. 1374 (1378 (E.D.N.Y. 1986) (three-year delay).

19       And while the second and third factors might slightly weigh in Petitioner's favor
20 because the state court's docket is to blame for the delay and Petitioner has diligently pursued
21 his rights, see Coe, 922 F.2d at 531, the fourth factor weighs in Respondent's favor because,
22 at this stage, Petitioner has not established that his federal claims are likely to succeed on
23 their merits.

24       In short, the state court's delay in adjudicating Petitioner's appeal is "not extreme,
25 unusual or attributable to the ineffectiveness of the state courts."  Edelbacher v. Calderon,
26 160 F.3d 582, 587 (9th Cir. 1998).  Moreover, "[t]he mere passage of time, without more,
27 does not constitute a due process violation."  Cummins v. Barnhart, 460 F. Supp.2d 1112,
28

1121 (D.Ariz. 2006) (citing <u>Coe</u>, 922 F.2d at 531). For all these reasons, Petitioner's motion must be denied.

**IT IS ORDERED that** Petitioner's Motion for Declaratory and Injunctive Relief (Doc. 20) is **denied.**

DATED this 5th day of January, 2011.

_____
Mary H. Murguia
United States District Judge